Spahi v. Holder

BIA
Burr, IJ
A079 316 318

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand thirteen.

PRESENT:
>        JON O. NEWMAN,
>        PIERRE N. LEVAL,
>        JOSÉ A. CABRANES,
>             *Circuit Judges.*

_____

REZART SPAHI,
>        *Petitioner,*

>             v.                                    12-1627
>                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Saul C. Brown, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Cindy S. Ferrier,
                         Assistant Director; Michele Y. F.
                         Sarko, Attorney, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Rezart Spahi, a native and citizen of Albania, seeks review of an March 29, 2012, decision of the BIA affirming the April 17, 2010, decision of Immigration Judge ("IJ") Sarah M. Burr denying his application for asylum. *In re Rezart Spahi*, No. A079 316 318 (B.I.A. March 29, 2012), *aff'g* No. A079 316 318 (Immig. Ct. N.Y. City Apr. 17, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). As an initial matter, we lack jurisdiction to consider Spahi's unexhausted argument that he is entitled to humanitarian asylum. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006). Additionally, because the BIA assumed that

2

Spahi established that he suffered past persecution on account of a protected ground, we make the same assumption and need not reach Spahi's challenges to the IJ's past persecution findings. *See Xue Hong Yang*, 426 F.3d at 522.

Spahi contends that he established a well-founded fear of persecution based on evidence that members of the Albanian Socialist Party persecuted him due to his pro-democracy views. Although, because the BIA assumed past persecution, Spahi was presumed to have a well-founded fear of persecution, the agency reasonably found that the government rebutted that presumption by establishing that the circumstances in Albania have fundamentally changed. *See* 8 C.F.R. § 1208.13(b)(1). According to various articles and State Department Human Rights reports on which the agency relied, the Albanian government has been moving towards democratization, fostering electoral reforms, and undergoing peaceful transitions between governments. The reports also note that the Democratic Party, which Spahi supports, gained control of the Albanian Parliament in 2005 and 2009 and established coalition governments with other major political parties.

Contrary to Spahi's assertions, the Socialist Party's continued control of local governments and sporadic pre-

3

election violence that led to the deaths of a few prominent government officials do not negate this fundamental change in interparty relations. Moreover, his fear that a plot devised against him over a decade ago will be carried out upon his return to Albania is speculative. Absent contradictory evidence that the Socialist Party targets members of the majority Democratic Party, the IJ reasonably relied on these reports to conclude that Spahi no longer has a well-founded fear of persecution. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that an IJ's factual findings will be upheld unless a reasonable adjudicator would be compelled to conclude to the contrary); *Hoxhallari v. Gonzales*, 468 F.3d 179, 185-86 (2d Cir. 2006) (finding material change in Albania when State Department reports identify Albania as moving away from Communism and towards democratization).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk